IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID GUTIERREZ                                                              PLAINTIFF

v.                            CIVIL NO. 24-5206

LELAND DUDEK,[1] Acting Commissioner
Social Security Administration                                               DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, David Gutierrez, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on September 23, 2020, alleging an inability to work since May 10, 2020, due to an auto accident resulting in shoulder and head injuries. (Tr. 54, 196, 203, 205). An administrative telephonic hearing was held on October 14, 2022, at which Plaintiff appeared with counsel and testified. (Tr. 30-50).

---

[1] Leland Dudek, has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated September 20, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: a history of facial abscess with improvement, a history of scapular fracture, and a history of renal insufficiency after antibiotic prescription with improvement. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b). The ALJ, with the use of the Medical-Vocational Guidelines, found Plaintiff was not disabled during the relevant time period. (Tr. 23-24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on August 5, 2024. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF No. 10, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154

(2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the court must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520 416.920. Only if the final

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520 416.920.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform a full range of light work. In doing so, the ALJ found Plaintiff's alleged left-eye vision impairment to be non-severe. (Tr. 16). With respect to Plaintiff's alleged left eye impairment, a review of the medical evidence revealed that in May of 2020, Plaintiff sustained multiple injuries – to include severe head injuries- in a motor vehicle accident. (Tr. 371-456, 458-491, 500-504). Residuals of

these injuries included a mostly paralyzed left frontalis muscle, ptosis of the left-eyelid causing Plaintiff's eyelid to droop over his eye, and chronic tearing. In January of 2021, due to chronic tearing, Plaintiff underwent exploratory eye surgery performed by Dr. Daniel T. Sines. (Tr. 534-536). Medical records dated May 3, 2021, revealed that Plaintiff's left eyelid "would not open much at all." (Tr. 590). In July of 2021, Dr. Sines noted Plaintiff had improvement with the chronic tearing, but Plaintiff continued to have significant ptosis. (Tr. 918). On September 13, 2021, Plaintiff's primary care physician, Dr. Rossitza Hristoskova, noted Plaintiff could not open his left eye secondary to scar tissue. (Tr. 877). Plaintiff's restriction of the left eyelid was noted by Dr. Chad W. Putnam, Plaintiff's otolaryngologist, on October 21, 2021. (Tr. 872). On December 1, 2021, Dr. Daniel Sundaresan Paul, Plaintiff's pulmonologist, noted the scar over Plaintiff's left upper eyelid with ptosis. (Tr. 855). On December 3, 2021, Dr. Sines noted some improvement with Plaintiff's ability to open his eyelid, but indicated Plaintiff's left eyelid was "still pretty ptotic," which "blocks the vision." (Tr. 906). Plaintiff reported continued vision problems in January and April of 2022. (Tr. 850, 933-934). On August 22, 2022, Dr. Sines noted the position of Plaintiff's left upper eyelid had not changed significantly and that Plaintiff reported some evenings the eyelid closed on its own. (Tr. 903). When this happened, Plaintiff reported he would physically lift the left eyelid. Plaintiff also reported that his eyelid impeded his vision. At the hearing before the ALJ in October of 2022, Plaintiff testified he continued to have left eye vision problems. (Tr. 36, 38-39). After reviewing the record as a whole, the Court finds remand necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC, particularly his alleged vision impairment.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

### IV. Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of February 2025.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE